No. 3703

Second Circuit

SMITH v. BEWLEY FURNITURE CO. ET AL.

(November 18, 1931. Opinion and Decree.)

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellant.

Cook & Cook, of Shreveport, attorneys for defendants, appellees.

McGREGOR, J. This is a suit by the plaintiff to recover damages for the illegal entry of her home and for the value of

certain articles of furniture removed therefrom and converted by the defendants. In her petition Mrs. W. M. Smith, the plaintiff, alleges that during her absence and without her knowledge and consent the defendants, on or about April 17, 1928, wrongfully and illegally entered and broke into her home at 1663 Texas avenue in the city of Shreveport, and removed therefrom certain furniture and other personal property valued at $90. On account of this alleged wrongful conduct of the defendants the plaintiff brings this suit for $1,090 damages, which she itemizes as follows:

Value of property taken and removed..$   90
Mental anguish ------------------------------------:  500
Exemplary damages ----------------------------  500
                                                                    ———
                                                                    $1,090

The defendants first filed a motion to strike out that portion of plaintiff's demand calling for exemplary damages and this motion was sustained. The defendants then answered, setting up that the plaintiff was indebted to defendants in the sum of $57 for furniture sold and delivered to the plaintiff, and being in arrears on her payments and unable to pay anything further on the bill, that she asked and consented that defendants take the furniture in full settlement of the balance due. It is alleged in the answer that this agreement was made on the sixteenth of April, 1928; that on the next day, or April 17, 1928, pursuant to the agreement, the defendants went to the residence and entered her house and removed the furniture. The actual moving was done by F. A. Bewley, one of the defendants, and two negro boys, employees.

Questions of fact alone are involved in this case. On the trial of the case the plaintiff produced only one witness besides herself. For the defendants there appeared F. A. Bewley, one of the defendants, two employees and two former employees.

The plaintiff alleges that on the afternoon of April 16, she called at the place of business of the defendants and made arrangements for at least a week's extension on her past due account. The defendants allege and contend that on this occasion it was agreed that the defendants should send for the furniture on the next day and take it back in settlement of the account. Five witnesses testify to this for the defendants and the plaintiff alone denies it. It is testified by all the defendants' witnesses that the plaintiff said on that occasion that she would not be at home on the next day but that she would leave the house unlocked so that the furniture could be removed without any trouble. Plaintiff denies this, but the fact remains that she was away, the house was unlocked and there was no obstacle to removing the furniture.

It is sought to refute the testimony of the defendants' witnesses by pointing out certain conflicts and discrepancies therein. We do not find these serious. On the contrary, they are natural and the fact that they exist convinces us of the sincerity and truthfulness of the witnesses. It would not be profitable or of any value to discuss the testimony of the various witnesses in detail. The judge of the lower court saw and heard these witnesses testify and observed their demeanor. It was his opinion that the plaintiff failed to prove her case. We find no error, manifest or otherwise, in the judgment appealed from.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby affirmed, the plaintiff and appellant to pay all costs of both courts.